IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MARK C. LADENDORF, ATTORNEY AT LAW P.C., <br><br> Plaintiff, <br><br> v. <br><br> WEIK, NITSCHE, DOUGHERTY; GARY S. NITSCHE, P.A.; and GARY S. NITSCHE, individually, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 1:17-cv-00289 (CFC) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' DISCOVERY

**COME NOW** Defendants Weik, Nitsche, Dougherty, Gary S. Nitsche, P.A. and Gary S. Nitsche, individually, by their undersigned counsel, and pursuant to Civil 37, file this Motion to Compel Plaintiff's Responses to Defendants' Interrogatories and Defendants' Request for Production of Documents. In support of this Motion, Defendants state the following:

1. Complaint. On or about March 20, 2017, Plaintiff Ladendorf filed its Complaint seeking a Declaratory Judgment for attorney's fees and/or an award based upon quantum meruit.

2. Answer. On April 18, 2017, Defendants filed their Answer, generally denying the factual allegations of Plaintiff and denying that any amount is due and owing to Plaintiff.

3. Scheduling Order. On February 13, 2019, the Court issued the Scheduling Order, including without limitation, that all discovery in this case must be initiated so that it will be completed on or before July 25, 2019.

4. Mediation Order. On or about March 7, 2019, The Honorable Mary Pat Thynge, Chief U.S. Magistrate Judge, entered an Order governing Mediation Conferences and Mediation

Case 1:17-cv-00289-CFC Document 26 Filed 05/06/19 Page 2 of 4 PageID #: 127

Statements, including without limitation that Mediation Statements are due on or before 3:00 p.m. on Friday, May 24, 2019 and that the Mediation Conference will commence at 10:00 a.m. on Tuesday, May 28, 2019.

5. <u>Defendants' Interrogatories</u>. On March 18, 2019, Defendants filed their First Set of Interrogatories Directed to Plaintiff (Exhibit A). Defendants' Interrogatories sought Plaintiff to identify any and all communications with James and/or Rhonda Fox, Zurich American Insurance Company, any insurer of RC Fabricators, and any Defendant in the underlying action. In addition thereto, Defendants' Interrogatories sought Plaintiff's contemporaneous records of time devoted to the underlying action, pleadings, including drafts which they prepared, documents relating to any action against William F. Conour and the firm of William F. Conour, LLC d/b/a Conour Devereux and Hammond and identification of any claim filed by James and Rhonda Fox with the Indiana Clients' Financial Assistance Fund.

6. <u>Defendants' Request for Production of Documents</u>. On or about March 18, 2019, Defendants also filed their Request for Production of Documents directed to Plaintiff. This Request sought three categories of documents: (1) the February 24, 2012 Written Election signed by the Foxes identified in paragraph 18 of the Complaint; (2) any Representation Agreement executed by the Foxes with Plaintiff; and (3) Plaintiff's Answers to Defendants' Interrogatories.

7. <u>Plaintiff's Default</u>. The time for Plaintiff to object and/or respond to Defendants' Interrogatories and Document Production Requests expired on Tuesday, April 17, 2019; however, Plaintiff failed to request any extension of time, failed to file any objections, failed to answer a single Interrogatory, and failed to produce a single document.

2

8. <u>Good Faith Attempt to Resolve Discovery Dispute</u>. By letter dated April 20, 2019 (Exhibit C), Defendants' counsel communicated with Plaintiff's counsel in an effort to resolve this discovery dispute arising out of Plaintiff's failure to respond timely to discovery requests.

9. <u>Second Attempt</u>. Having not received any response from Plaintiff's counsel, by e-mail sent on Thursday, April 25, 2019 (Exhibit D), Defendants against asked when Plaintiff would answer Interrogatories and produce requested documents without objection other than A-C privilege and work product (or otherwise Defendants would be forced to file a Motion to Compel).

10. <u>Plaintiff's Commitment to Respond Before May 3, 2019</u>. By e-mail sent on April 25, 2019, Plaintiff's counsel committed to having "Answers before May 3" (Exhibit E).

11. <u>May 3, 2019</u>. Friday, May 3, 2019 has now passed without Plaintiff answering a single Interrogatory and producing a single requested document.

12. <u>Prejudice</u>. Defendants are prejudiced from Plaintiff's failure to comply with the Civil Rules in connection with responding to discovery based upon the Scheduling Orders for this case and for mediation. The appearance to Defendants is that Plaintiff is withholding requisite responses to Defendants' discovery so that the information set forth therein cannot play any meaningful role in the May 28, 2019 Mediation and will impede completion of meaningful discovery before July 25, 2019.

**WHEREFORE,** Defendants respectfully request that Plaintiff be ordered to answer Defendants' Interrogatories and produce the requested documents, without objection other than attorney-client privilege and/or attorney work product, within three Court days of the entry of the

3

Order, and to award Defendants their reasonable counsel fees in connection with this Motion to Compel.

                              Respectfully submitted,

                              /s/ JEFFREY M. WEINER, ESQUIRE #403
                              JEFFREY M. WEINER, ESQUIRE #403
                              1332 King Street
                              Wilmington, Delaware  19801
                              (302) 652-0505
                              Co-Counsel for Defendants Weik, Nitsche,
                              Dougherty, Gary S. Nitsche, P.A. and
                              Gary S. Nitsche, individually

**DATED:**     May 6, 2019